**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Tierra Hall, Antonio Bolden and Mario Elam,
Defendants,

Of whom Antonio Bolden is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2019-002016

_____

Appeal From Greenville County
W. Marsh Robertson, Family Court Judge

_____

Unpublished Opinion No. 2020-UP-264
Submitted July 31, 2020 – Filed September 4, 2020

_____

**AFFIRMED**

_____

Jennifer Lynn Mook, of Law Office of Jennifer Mook, LLC, of Aiken, for Appellant.

Rebecca Rush Wray, of South Carolina Department of Social Services, of Greenville, for Respondent.

Don J. Stevenson, of Greenville, for the Guardian ad Litem.

_____

**HEWITT, J.:** Antonio Bolden (Father) appeals the family court's findings from a merits removal order. On appeal, Father argues the family court erred in finding: (1) Father placed Child at a substantial risk of harm, (2) Father had not remedied the conditions causing removal at the time of the merits hearing, (3) the Department of Social Services (DSS) used reasonable efforts to prevent removal, (4) Child should continue in DSS's custody, and (5) drug use is *per se* child abuse. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

First, we find a preponderance of the evidence supports the family court's finding that Father's marijuana use posed an unreasonable risk of harm to Child. *See* S.C. Code Ann. § 63-7-1660(E) (Supp. 2019) (providing removal is appropriate where the family court finds by a preponderance of the evidence that a parent's conduct "place[s] the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being"). Law enforcement originally removed Child because she was left unsupervised in a hotel room for nearly an hour. *See* S.C. Code Ann. § 63-7-20(6)(a) (Supp. 2019) (stating harm occurs when a parent "engages in acts or omissions which present a substantial risk of physical or mental injury to the child" or "fails to supply the child with . . . supervision appropriate to the child's age and development"). We acknowledge Father was at work when Mother left Child unattended. Following Child's removal, however, Father tested positive for marijuana and later arrived at a scheduled visit with Child smelling like marijuana, which led to the visit being cancelled. Accordingly, we find the family court did not err in finding at the merits hearing that Father's marijuana use posed a substantial risk of harm to Child.[1]

_____

[1] We affirm Father's fourth and fifth issues for the same reasons. The family court did not err in determining DSS should retain custody of Child at the time of the merits hearing because Father's marijuana use posed a substantial risk of harm.

Father claims there is no evidence he regularly used illegal drugs or that he ever used drugs in Child's presence. The latter statement is true—the record does not contain a test proving Father used drugs in Child's presence—but the former statement is not true. Father claimed he used marijuana while on vacation in Alabama five or six days before Child was removed. Yet, according to the record, Father tested positive at seventy times the level necessary to confirm marijuana in his system four days after Child was removed. This was roughly ten days after Father's claimed last drug use. Father's test showed twice the level of marijuana in his system as compared to Mother. Additionally, the DSS caseworker who said Father and Mother smelled of marijuana when they arrived for a scheduled visit with Child did not believe Father's and Mother's explanation for the "very potent" scent. This is some evidence, if not strong evidence, Father was not forthright about his drug use and that Child was at a substantial risk of being exposed to marijuana or to a parent under marijuana's influence. We emphasize that the Child is not being removed from Father as a result of our opinion and that it appears Father is to be commended for complying with the placement plan.

Second, we find the family court did not err in finding Father failed to remedy the conditions causing removal at the time of the merits hearing. As explained above, Father arrived to one of his scheduled visits with Child smelling like marijuana, indicating his marijuana use continued after Child's removal. Additionally, Father failed to secure stable housing or supervision for Child. Accordingly, we find the family court did not err in finding Father failed to remedy the conditions causing removal at the time of the merits hearing.

Finally, we find the family court did not err in finding DSS used reasonable efforts to prevent removal. *See* S.C. Code Ann. § 63-7-1660 (G) (Supp. 2019) (explaining the family court must make a determination as to whether "reasonable efforts were made by [DSS] to prevent removal of the child and a finding of whether continuation of the child in the home would be contrary to the welfare of the child"). Here, Child was originally removed in an emergency protective custody situation. *See* § 63-7-1660(G)(4) ("If [DSS]'s first contact with the child occurred under such circumstances that reasonable services would not have allowed the child to remain safely in the home, the court shall find that removal of the child without services or without further services was reasonable."). Because Child was

_____

Additionally, we find the family court did not conclude that drug use is *per se* child abuse; rather, the family court determined that under these facts Father's drug use posed a substantial risk of harm to Child.

left unsupervised in a hotel for nearly an hour and law enforcement could not locate Father, we find removal without services was reasonable at that time. Thereafter, DSS referred Father to a drug treatment center. DSS also proposed a detailed placement plan that was adopted by the family court.[2] Accordingly, we find DSS used reasonable efforts to prevent removal.

**AFFIRMED.**[3]

**GEATHERS, J., concurs.**

**LOCKEMY, C.J., concurring in part and dissenting in part:** I respectfully concur in part and dissent in part. I concur that the family court did not err by finding Father failed to remedy the conditions causing removal because he failed to secure stable housing. I also concur with the family court's finding DSS used reasonable efforts to prevent removal. However, given our de novo review, I would not find the preponderance of evidence supports the finding Father exposed Child to an unreasonable risk of harm. *See* § 63-7-20(6)(a) (stating harm occurs when a parent "engages in acts or omissions which present a substantial risk of physical or mental injury to the child" or "fails to supply the child with . . . supervision appropriate to the child's age and development"). The evidence presented at trial consisted of Father testing positive for marijuana and a DSS employee testifying she cancelled Mother and Father's visit with Child because they "smelled" of marijuana. Importantly, the drug test failed to prove Father used marijuana in the presence of Child. Without evidence Father used marijuana in the presence of Child or that he was under the influence of marijuana while caring for Child, I would not find DSS met its burden of proof to show Father's use of marijuana exposed Child to an unreasonable risk of harm. For the foregoing reasons, I would not find the preponderance of evidence supports a finding that Father exposed Child to an unreasonable risk of harm.

---

[2] We note Father completed the placement plan following the merits hearing and regained custody of Child.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.